IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIE UNIQUE DAVIS,

    Plaintiff,

v.                                      Civil Action No. **3:12CV652**

NICK SAMPLE, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Willie Unique Davis, a Virginia prisoner proceeding *pro se*, filed this civil action. By Memorandum Opinion and Order entered on January 18, 2013, this Court dismissed the action without prejudice because Davis failed to return a consent to collection of fees form and did not pay the statutory filing fee within the time required by the Memorandum Order entered September 20, 2012.

On January 31, 2013, the Court received from Davis a letter that the Court construes as a motion filed pursuant to Fed. R. Civ. P. Rule 59(e) ("Rule 59(e) Motion") (ECF No. 13). Davis challenges the Court's January 18, 2013 Memorandum Opinion and Order, returns a completed consent to collection of fees form, and asks the Court to reopen the case.

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Davis states that he "did

not know I had to fill these out [and] send it back in to the court." (Rule 59(e) Mot. 1.) Davis fails to demonstrate that the Court committed a clear error of law or that reopening the case would prevent manifest injustice. Nor does Davis demonstrate any other basis for granting Rule 59(e) relief.[1] Accordingly, Davis's Rule 59(e) Motion will be denied. The Court will direct the Clerk to refile Davis's complaint as a new civil action as of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

Date: 4/29/13
Richmond, Virginia

/s/ _____
John A. Gibney, Jr.
United States District Judge

---

[1] *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))).